United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 3:23-cr-00029-9 |
| | § | |
| MARGARITO RUIZ, | § | |
| | § | |
| Defendant. | § | |
| | § | |

# OPINION AND ORDER

Judge Jeffrey V. Brown has referred to me a motion to withdraw as counsel (Dkt. 861) filed by Joe L. Hernandez, counsel for Defendant Margarito Ruiz. *See* Dkt. 862. Hernandez requests to withdraw as counsel because "Ruiz has not availed himself of the opportunity to confer with attorney. Numerous repeated calls & messages to Margarito Ruiz have gone unanswered. Counsel has not spoken or been in contact [with Ruiz] for the past six (6) months." Dkt. 861 at 1.

The docket indicates that Ruiz is a fugitive. On February 19, 2026, Judge Brown issued a warrant for Ruiz's arrest after Pretrial Services informed the court that "the G.P.S. tracker was removed from the defendant's ankle"; "[a]ll attempts . . . to reach Mr. Ruiz failed"; and Ruiz "has filed to contact [his pretrial services] office and [Ruiz's] whereabouts are unknown." Dkt. 761 at 1.

The right to counsel has unquestionably attached and being a fugitive is, on its own, arguably not enough to waive the right to counsel. *See United States v. Stanley*, 739 F.3d 633, 650 (11th Cir. 2014) (holding that "flight alone does not indicate unambiguously a desire to revoke his valid Sixth Amendment waiver"). Attachment of the right to counsel and whether counsel must be present at a post attachment proceeding, however, are separate questions. *See Rothgery v. Gillespie County*, 554 U.S. 191, 211 (2008).

On March 26, 2024, Ruiz pleaded not guilty. Trial in this case is scheduled on November 30, 2026. "The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial." *Crosby v. United States*, 506 U.S. 255, 262 (1993). Thus, until Ruiz is apprehended, there are no critical proceedings that this court can conduct without him until he is returned to this court's jurisdiction. So, there is no need for counsel until Ruiz is apprehended. Accordingly, I **GRANT** Mr. Hernandez's motion to withdraw as Ruiz's counsel. *See* Dkt. 861.

The court may appoint new counsel if Ruiz is apprehended and brought before the court again.

SIGNED this 13th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE